Slip Op. 04 - 149

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - -x

SERGIO U. RETAMAL,                 :

            Plaintiff, :

          v.            : Court No. 03-00613

U.S. CUSTOMS AND BORDER PROTECTION  :
DEPARTMENT OF HOMELAND SECURITY,
                    :

           Defendant.
                    :
- - - - - - - - - - - - - - - - - - - -x

Opinion

[Defendant's motion for summary
 judgment granted; action dismissed.]

Decided: November 24, 2004

Sergio U. Retamal *pro se*.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Harry A. Valetk); and Office of Associate Chief Counsel, Customs and Border Protection, U.S. Department of Homeland Security (Christopher Merrill and Marc Matthews), of counsel, for the defendant.

AQUILINO, Judge:   The Tariff Act of 1930, as amended, requires each person who has been granted a broker's license to file with Customs on February 1 of every third year a report as to (a) whether such person is actively engaged in business as a customs broker; and (b) the name under, and the address at, which such business is being transacted.  19 U.S.C. §1641(g)(1).  Cf. 19 C.F.R. §111.30(d) (2003):

. . . The report must be accompanied by the fee pre-
scribed in §111.96(d) and must be addressed to the direc-
tor of the port through which the license was delivered
to the licensee . . ..  A report received during the
month of February will be considered filed timely.  No
form or particular format is required.

Subsection (2) of 1641(g) provides:

If a person licensed under . . . this section fails
to file the required report by March 1 of the reporting
year, the license is suspended, and may be thereafter re-
voked subject to the following procedures:

(A) [Customs] shall transmit written
notice of suspension to the licensee no later
than March 31 of the reporting year.

(B) If the licensee files the required
report within 60 days of receipt of the [Cus-
toms] notice, the license shall be reinstated.

(C) In the event the required report is
not filed within the 60-day period, the li-
cense shall be revoked without prejudice to
the filing of an application for a new li-
cense.

I

Comes now the above-named plaintiff *pro se*, complaining
about revocation of his broker's license "by operation of law on
May 6, 2003", to quote a letter to him from the Customs Interim
Port Director, Los Angeles - Long Beach Seaport, returning there-
with on or about June 5, 2003 his "check . . . and Status Report
that was received on May 28, 2003," a copy of which communication
is appended to the complaint.  This pleading prays that the court
order the defendant to accept that report and requisite $100 fee
and that the revocation be reversed.

Such relief was not available upon attempted appeal to Customs headquarters in Washington, D.C.  And its counsel have now interposed a motion styled as one to dismiss pursuant to Court of International Trade Rule 12(b)(5) "for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted."  Of course, a motion to dismiss on the ground of lack of jurisdiction over the subject matter properly lies under Rule 12(b)(1).  Moreover, the defendant has filed the certified administrative record, and Rule 12(b) states that, if

> on a motion asserting the defense numbered (5) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside of the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Subsection (h) of Rule 56 provides in turn that, upon any motion for summary judgment,

> there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.

This counsel for the defendant have not done, nor does the filing of an administrative record satisfy this requirement.[1]

---

[1] But see 19 U.S.C. §1641(e)(1):

. . . In cases involving revocation . . . of a license . . ., [Customs] shall file in court the record upon which the decision or order complained of was entered, as provided in section 2635(d) of Title 28.

A

Be this shortcoming as it may, the court reads plain-
tiff's holographic pleading in its most favorable light. Among
other things, he avers that on April 30, 2003 he prepared his
triennial report, drew a check for $100, and gave them to his
assistant to mail to Customs; that on or about May 21st his
assistant informed him that the report and fee had not, in fact,
been mailed; that on May 24, 2003 both were forwarded to Customs
via certified mail; that on May 28th he was informed via telephone
by the agency that his license had been [suspended[2]] on March 7,
2003 and that a notice thereof had been sent on that date to his
"previous home address" which he "did not receive . . . and U.S.
Customs confirmed that such letter had been returned to sender
unsigned"[3]; that on June 23rd he filed a written petition for ad-
ministrative relief from the revocation, followed on August 20,
2003 by a telephone plea to that effect, both of which were denied,
the latter upon a stated representation that "there was no recourse
available and . . . the decision was final."[4]  Whereupon the plain-
tiff concludes that

> this . . . is unfair, it completely denies due process,
> and the punishment is disproportional to the injury that
> U.S. Customs . . . may suffer from such unintentional
> delay.[5]

---

[2] While the complaint states "revoked", defendant's Admini-
strative Record ("AR") confirms "suspended" on March 7, 2003.
See Tab 4.

[3] Complaint, para. 9.

[4] Id., para. 13.

[5] Id., para. 15.

Whatever the intent, an axiom of this freedom-loving nation has been that you may delay, but time will not[6], and a maxim of its common law has been to aid the vigilant and not those who slumber on their rights.  Here, of course, any rights implicated are exclusively those that have been enacted by the sovereign.  Equity has no permissible role.

As a broker duly licensed by the government[7], the plaintiff was subject to 19 C.F.R. §111.30(a) (2003), to wit:

> *Change of address*.  When a broker changes his business address, he must <u>immediately</u> give written notice of his new address to each director of a port that is affected by the change of address.  In addition, if an individual broker is not actively engaged in transacting business as a broker and changes his non-business mailing address, he must give written notice of the new address in the status report required by paragraph (d) of this section.

Emphasis added.  Plaintiff's complaint bears the address 2666 Derby Drive, San Ramon, California 94583.  His form Customs Brokers Triennial Status Report [-] Individual, timely dated February 1, 2000 and marked recorded by the Service on February 13th, listed his mailing address as 2312 Canyon Village Circle in San Ramon, 94583.  <u>See</u> AR, Tab 3.  That is where the Port Director sent on March 7, 2003 per certified mail her written notice of the suspension of plaintiff's license, which notice was returned by the

---

[6] <u>See</u>, <u>e.g.</u>, Poor Richard's Almanack, *Poor Richard Improved, 1758: Preface* (including "*The Way to Wealth*"), *Maxims*, available at http://usinfo.state.gov/usa/infousa/facts/loa/bf1758.htm.

[7] <u>See</u> AR, Tab 1.

Postal Service to the sender as unclaimed.  See id., Tabs 4, 5.
Apparently, that is also the "old" address that the plaintiff
refers to in his memorandum in opposition to defendant's motion.
There is no indication when it became old.  There is no indication
that he made any attempt after February 1, 2000 to notify Customs
of his changed location.  Indeed, the plaintiff argues in his
memorandum that his address "was not required to be updated more
than every three years."  In sum, then, the court cannot find that
the plaintiff was in compliance with the primary dictate of 19
C.F.R. §111.30(a), supra.  That is, there was no immediate written
notice of the change given to Customs.  Moreover, even if the court
were to credit plaintiff's interpretation of the additional
requirement of that regulation, had he filed a timely status report
in February 2003, as he did in February 1997[8] and again in February
2000, this action surely would not have reached the court's docket.

But it did as of August 27, 2003.  The Clerk of Court's
letter, acknowledging receipt on that date of plaintiff's complaint
and filing fee, informs him that this type of case "must be
commenced . . . within 60 days after notice of the decision of
[Customs]."  See 19 U.S.C. §1641(e)(1); 28 U.S.C. §2636(g). Both
statutes refer to 60 days after revocation within which to come to
this Court of International Trade.  The record in this matter
reflects that the date of revocation was May 6, 2003.  Compare AR,

---

[8] See id., Tab 2.

Tab 4 <u>with</u> <u>id</u>., Tabs 7, 8.  It also reflects receipt by the plain-
tiff of notice thereof on or about June 14, 2003.  <u>Compare</u> AR, Tab
8 <u>with</u> <u>id</u>., Tabs 9, 10.  Hence, even if the plaintiff were to be
given the benefit of all doubts in this matter, this action is
still time-barred by the above-cited statutes of limitation.

II

In view of the foregoing, defendant's motion must be
granted; summary judgment will enter accordingly.

Decided:  New York, New York
          November 24, 2004


                              Thomas  J.  Aquilino,  Jr.
                                       Judge

ERRATUM


Slip Op. 04-149 (Nov. 24, 2004)


Retamal v. U.S. Customs and Border Protection
Court No. 03-00613


Amend the last sentence of part I (on page 7) to state:

"Be that as it was, even if the plaintiff were to be given the benefit of all doubts in this matter, including a more generous period of limitation, this action is still time-barred by operation of the law, 19 U.S.C. §1641(g)(2)."


Dated:  New York, New York
        February 7, 2005